UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EVELYN WELK, on behalf of herself and her minor school age child, ASHLEY HECKMAN, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No.: 03-0375-CV-W-DW |
| INDEPENDENCE SCHOOL DISTRICT, et al., ) ) ) | |
| Defendants. ) ) | |

## JOINT MOTION FOR ORDER APPROVING THE SETTLEMENT AGREEMENT AND DISMISSAL OF CASE

The parties come before the Court and jointly move that the attached Notice of Settlement and Order of Dismissal of Case be approved by the Court.

The parties have negotiated this settlement in good faith in order to avoid expensive and protracted litigation. The parties assert that it is a fair and reasonable settlement and that the settlement is in the interest of the public.

**WHEREFORE,** the undersigned move that the Court approve the attached Notice of Settlement and Order of Dismissal of Case.

Respectfully submitted,

s/John M. Simpson
John M. Simpson #42630
429 West 61st Terrace
Kansas City, MO 64113
(816) 444-3557
Fax: (816) 361-7701
E-mail: johnsimpson@kc.rr.com

ATTORNEY FOR PLAINTIFFS


s/Kelly Jackson
Kelly Jackson #47124
4048 West 128th Terrace
Leawood, KS 66209
(913) 685-3149
Fax: (913) 685-1704
E-mail: kjackson@kc.rr.com
ATTORNEY FOR PLAINTIFFS


s/Ayesha Khan
Ayesha Khan
518 C Street NE
Washington D.C. 20002
(202) 466-3234
Fax: (202) 466-2587
E-mail: khan@au.org
LEGAL DIRECTOR
AMERICANS UNITED FOR
SEPARATION OF CHURCH AND STATE


DOSTER MICKES JAMES &
ULLOM, LLC

By: s/Shellie L. Guin
  Shellie L. Guin #44348
  4600 Madison, Suite 711
  Kansas City, MO 64112
  (816) 531-1888
  Fax: (816) 531-7020
  E-mail: Shellie_Guin@dmjulaw.com
  ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

EVELYN WELK, on behalf of herself and )
her minor school age child, ASHLEY )
HECKMAN, )
 )
      Plaintiffs, )
 )
      vs. )   Case No.: 03-0375-CV-W-DW
 )
INDEPENDENCE SCHOOL DISTRICT, )
et al., )
 )
      Defendants. )

## NOTICE OF SETTLEMENT AND ORDER OF DISMISSAL OF CASE

WHEREAS, this case involves claims by Plaintiff Evelyn Welk, on behalf of herself and her minor school age child, Ashley Heckman, under 42 U.S.C. section 1983;

WHEREAS, the Plaintiffs filed this lawsuit against Defendants alleging that the Defendants violated the Establishment Clause of the First Amendment by requiring students to read and take notes from a religious sermon promoting the story of Creation as found in the Book of Genesis, by showing a Reader's Digest video in class entitled *Jesus and His Times: The Story Begins*, and by requiring students to complete Christian theological worksheets;

WHEREAS, the Defendants deny these allegations, dispute the accuracy of Plaintiffs' factual allegations and deny that there has been any violation of the Establishment Clause in showing a video on the life of Jesus in the context of teaching about the five major world religions in a class on World History; and

1

WHEREAS, Plaintiffs and Defendants agree, and this Court by entering this Order finds, that settlement of this matter has been negotiated by the Parties in good faith, is intended to avoid expensive and protracted litigation between the Parties, and is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties, it is ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION

For purposes of entry and enforcement of this Order only, the Parties agree that the Court specifically retains jurisdiction over this action and may issue such further orders or directions as may be necessary or appropriate to enter, construe, implement, modify, or enforce the terms of the settlement, including resolving any disputes arising under this Notice of Settlement and Dismissal (hereafter ☐Settlement Agreement☐), and for granting any further relief as the interests of justice may require.

## II. COVENANTS BY DEFENDANTS

1.  Defendant District will continue to enforce its policy on neutrality concerning religion. Defendants will continue to teach world religions in a class on world history, and to show videos that meet the District's Policy on neutrality.

2.  Defendant Teacher did not show the last half of the above-referenced video to Plaintiff's class, did not show the video again after Plaintiffs initially raised a concern, selected an alternate video to use in future world history classes, and agrees not to show the above-referenced video in future world history classes.

3. Defendant Teacher will not endorse or advocate any particular religion, religion in general, or non-religion in the classroom.

4. Defendants will not pay Plaintiffs any damages or attorney's fees.

5. Defendants agree not to pursue sanctions against Plaintiffs or counsel for Plaintiffs for the filing of this lawsuit.

### III. COVENANTS BY PLAINTIFFS

1. In consideration of the covenants by the Defendants, Plaintiffs hereby completely, finally and forever release and discharge Defendants, including all current and past board members, insurance companies, agents and employees, for any and all claims and causes of action, whether the claims arose under common law, by virtue of the provisions of any state or federal statute, or the Constitution of the State of Missouri or of the Constitution of the United States of America, which Plaintiff had or might have in the future, arising out of the allegations in Plaintiffs' Complaint. This release is intended to cover all damages which Plaintiffs now have or claim to have sustained, or any that they might have in the future, even though Plaintiffs do not know about them at the present time. Plaintiffs also release Defendants from any claim they may have for the cost of this litigation or attorney fees, whether those costs and attorney fees arise under state or federal law.

2. Provided that School District Policy and Regulation 6241 (attached hereto as Exhibit A) remains unchanged with respect to the provision that calls for challenged materials to be removed from use from the time that a complaint is lodged until the Board of Education takes final action on the complaint, the Plaintiffs agree that they will follow said Policy for all future challenges to school district curriculum or instructional materials used by a teacher. The

3

Plaintiffs do not, however, waive their right to bring a legal challenge related to any such complaint in the event that the Board's final action is unsatisfactory to them, but will refrain from doing so until after the Board has reached a final resolution of said complaint.

3.     Plaintiffs agree to dismiss the lawsuit, with prejudice, with each party to bear their own costs and attorney's fees.

## IV.  EFFECT OF SETTLEMENT

Nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Settlement Agreement. Further, this Settlement Agreement is not an admission of liability on the part of Defendants or an assertion that the Plaintiffs are prevailing parties, but is intended for the settlement of Plaintiffs' claims only. The parties specifically agree that Plaintiffs are not prevailing parties under 42 U.S.C. § 1988.

## V.  ENTIRE AGREEMENT

This Settlement Agreement is the entire agreement between Plaintiffs and Defendants. All prior conversations, meetings, discussions, drafts and writings of any kind are specifically superseded by this Settlement Agreement.

## VI.  EFFECTIVE DATE

The effective date of this Settlement Agreement shall be the date upon which it is entered by the Court. If for any reason the District Court does not enter this Order, this Settlement Agreement shall not become effective.

## VII.  MODIFICATIONS

4

This Settlement Agreement shall not be modified or amended except by mutual written consent of all Parties, with approval of the Court.

## VIII. REPRESENTATIVE AUTHORITY

Each undersigned representative of the Parties to this Settlement Agreement certifies that he or she is fully authorized by the party to enter into and execute the terms and conditions of this Settlement Agreement, and to legally bind such party to this Settlement Agreement. By their representative☐s signature below, the Parties consent to entry of this Settlement Agreement.

DATED this 28 day of May, 2003.

_____
Evelyn Welk, on behalf of herself and her minor school age child, Ashley Heckman

STATE OF MISSOURI )
 ) ss.
COUNTY OF Jackson )

On the 28 day of May, 2003, before me personally appeared Evelyn Welk, to me known to be the person named herein and who executed the foregoing Notice of Settlement and acknowledged to me that she voluntarily executed the same.

**JOHN M. SIMPSON**
**Notary Public - Notary Seal**
**STATE OF MISSOURI**
**Jackson County**
**My Commission Expires July 17, 2005**

_____
Notary Public

_____
Ashley Heckman

STATE OF MISSOURI )
 ) ss.
COUNTY OF Jackson )

5

On the **28** day of **May**, 2003, before me personally appeared Ashley Heckman, to me known to be the person named herein and who executed the foregoing Notice of Settlement and acknowledged to me that she voluntarily executed the same.

JOHN M. SIMPSON
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires July 17, 2005

_John M. Simpson_
Notary Public

INDEPENDENCE SCHOOL DISTRICT NO. 30
and
BOARD OF EDUCATION, INDEPENDENCE
SCHOOL DISTRICT NO. 30

By: *Katy Peterson*
Katy Peterson, Board President

ATTEST:

*Annette Miller*
Annette Miller, Board Secretary

STATE OF MISSOURI   )
                    ) ss.
COUNTY OF Jackson   )

On the 5th day of June, 2003, before me personally appeared Katy Peterson, in her capacity as Independence School District No. 30 Board President, to me known to be the person named herein and who executed the foregoing Notice of Settlement and acknowledged to me that she voluntarily executed the same.

*Barbara J. Krahenbuhl*
Notary Public

BARBARA J. KRAHENBUHL
Notary Public - State of Missouri
Commissioned in Jackson County
My Commission Expires May 17, 2004

7

_____
Chris Earley, individually and in his capacity as teacher at Truman High School

STATE OF MISSOURI   )
                    ) ss.
COUNTY OF Jackson   )

On the 5 day of June, 2003, before me personally appeared Chris Earley, to me known to be the person named herein and who executed the foregoing Notice of Settlement and acknowledged to me that he voluntarily executed the same.

"NOTARY SEAL"
C. Annette Miller, Notary Public
Jackson County, State of Missouri
My Commission Expires 2/3/2006

_____
C. Annette Miller
Notary Public

_____
Maria Fleming, individually and in her official capacity as Director of Instruction and Assessment,
Independence School District

STATE OF MISSOURI   )
                    ) ss.
COUNTY OF Jackson   )

On the 5 day of June, 2003, before me personally appeared Maria Fleming, to me known to be the person named herein and who executed the foregoing Notice of Settlement and acknowledged to me that she voluntarily executed the same.

"NOTARY SEAL"
C. Annette Miller, Notary Public
Jackson County, State of Missouri
My Commission Expires 2/3/2006

_____
C. Annette Miller
Notary Public

8

_____
Mike Jeffers, individually and in his official
capacity as Principal, Truman High School


STATE OF MISSOURI )
                      ) ss.
COUNTY OF Jackson )

On the 5 day of June, 2003, before me personally appeared Mike Jeffers, to me known to be the person named herein and who executed the foregoing Notice of Settlement and acknowledged to me that he voluntarily executed the same.

                                 C. Annette Miller
                                 Notary Public

"NOTARY SEAL"
C. Annette Miller, Notary Public
Jackson County, State of Missouri
My Commission Expires 2/3/2006


_____
Jim Hinson, individually and in his official
capacity as Superintendent of Independence
School District


STATE OF MISSOURI )
                      ) ss.
COUNTY OF Jackson )

On the 5 day of June, 2003, before me personally appeared Jim Hinson, to me known to be the person named herein and who executed the foregoing Release and acknowledged to me that he voluntarily executed the same.

                                 C. Annette Miller
                                 Notary Public

"NOTARY SEAL"
C. Annette Miller, Notary Public
Jackson County, State of Missouri
My Commission Expires 2/3/2006

Respectfully submitted,

*John M. Simpson*     MO 42630
John M. Simpson     MO 42630
429 W. 61st Terrace
Kansas City, MO 64133
(816) 444-3557 Telephone
(816) 361-7701 Facsimile

ATTORNEY FOR PLAINTIFFS


*Kelly Jackson*     MO 47124
Kelly Jackson     MO 47124
4048 W. 128th Terrace
Leawood, KS 66209
(913) 685-3149 Telephone
(913) 685-1704 Facsimile

ATTORNEY FOR PLAINTIFFS


*Ayesha Khan*
Ayesha Khan
AMERICANS UNITED FOR SEPARATION
   OF CHURCH AND STATE
518 C Street, NE
Washington, DC 20002
(202) 466-3234 Telephone
(202) 466-2587 Facsimile

ATTORNEY FOR PLAINTIFFS

10

_____
Shellie L. Guin          MO 44348
DOSTER MICKES JAMES & ULLOM, LLC
4600 Madison, Suite 711
Kansas City, MO 64112
(816) 531-1888  Telephone
(816) 531-7020  Facsimile

ATTORNEY FOR DEFENDANTS

**INSTRUCTIONAL SERVICES**　　　　　　　　　　　　　　　　　**Regulation 6241**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Form 6241)

**Instruction**

**Challenged Materials**

On occasion, honest differences of opinion may arise about books or materials used in the public schools. In order to handle questions that might arise in an impartial and orderly manner, the following procedures shall be followed:

1.　All complaints shall be reported immediately to the building principal involved, whether these come by telephone, letter, or personal conference.

2.　The person making the complaint shall receive the form "Review of Instructional Materials." A copy of this form may be picked up in the administrator's office.

3.　This form must be completed and returned by the person making the complaint.

4.　Media being questioned will be removed from use, pending committee study and final action by the Board of Education, unless the material questioned is a basic text.

5.　The Superintendent of Schools shall, within fifteen (15) days of receipt of the written request, appoint a review committee of nine people. The committee shall consist of the administrator of the building involved, three teachers, a member of the Board of Education, and four lay persons. The administrator shall serve as secretary.

6.　The classroom teachers appointed shall be represented by the grade level or subject area where the media is used, another grade level or subject area, and a librarian.

7.　The four lay persons appointed shall be selected from a list of eight people recommended to the Superintendent by the president of the Board of Education. Two of the four persons appointed must be parents/guardians of children in the schools.

8.　Within twenty (20) days of the appointment of the committee, the committee shall meet, review the written request for reconsideration, read the questioned materials, evaluate, and prepare a written report of its findings and recommendations to the Superintendent of Schools.

9.　The committee may recommend that the questioned materials be:

　　　a.　Retained without restriction;

      b.      Retained with restriction; or

      c.      Not retained.

10. The Superintendent shall, at the next appointed meeting of the Board of Education, report the recommendations of the Review Committee to the Board of Education. The decision of the Board will be final.

11. The decision of the Board shall be reported to the principal of the school, to the complainant, and to other appropriate professional personnel on the next school day. The principal shall see that the decision of the Board is carried out.

12. The librarian responsible for that school shall keep on file all pertinent information concerning the questioned materials or any books or materials likely to be questioned.

## ORDER

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this Settlement Agreement is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. THE FOREGOING Settlement Agreement is hereby APPROVED.

There being no just reason for delay, this Court expressly directs, pursuant to Rule 54(b), Fed. R. Civ. P., ENTRY OF FINAL JUDGMENT in accordance with the terms of this Settlement Agreement.

DONE AND ORDERED this _____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE